UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD RAY MAGEE, JR. CIVIL ACTION

VERSUS NUMBER; 19-13146

JOHNNY CRAIN, JR., ET AL. SECTION: "D"(5)

**REPORT AND RECOMMENDATION**

Before the Court are the Rule 12(b)(1) and (6) motions to dismiss of Defendants, Lisa Jenkins and Johnny Crain, Jr. (Rec. docs. 14, 17). Plaintiff has filed no memoranda in opposition to either motion.[1/] For the reasons that follow, it is recommended that Defendants' motions be granted and that Plaintiff's claims against both the moving and non-moving Defendants be dismissed with prejudice.[2/]

*Pro se* Plaintiff, Donald Ray Magee, Jr., is an inmate of the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana, where he is serving a 35-year sentence following a conviction for sexual battery in the Twenty-Second Judicial District Court for the Parish of Washington, State of Louisiana. *See State v. Magee*, No. 2013-KA-1726, 2014 WL 3843846 (La. App. 1st Cir. Jun. 6, 2014), *writ not considered*, 188 So.3d 1068 (La. 2016). Invoking 42 U.S.C. §§1983 and 1985, Plaintiff brings his self-styled complaint against the following Defendants: Johnny Crain, Jr. ("Crain"), Clerk of the Twenty-Second Judicial District Court; Lisa Jenkins ("Jenkins"), who Plaintiff alleges "… is employed as Service of

---

1/ As Plaintiff has filed no memoranda in response to Defendants' motions, timely or otherwise, the Court may properly assume that he has no opposition to them. *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n. 1 (E.D. La. Aug. 22, 2014)(citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F.Supp. 2d 739, 741 (E.D. Tex. 2007)); *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 n. 1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013)(same); *Lucas v. Crowe*, No. 11-CV-2752, 2013 WL 870514 at *1 n. 1 (E.D. La. Feb. 15, 2013), *adopted*, 2013 WL 870437 (E.D. La. Mar. 7, 2013)(same).

2/ Because Plaintiff is proceeding *in forma pauperis* in this matter, the Court is empowered, indeed mandated, to screen Plaintiff's complaint and to dismiss those claims that are frivolous as lacking an arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), as well as those that fail to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c).

Process – Cashier & Witness at the Rayburn Correctional Center"; Don Miley ("Miley"), Deputy Sheriff of the Washington Parish Sheriff's Office; and, Judge Richard A. Swartz ("Swartz") of the Twenty-Second Judicial District Court. (Rec. doc. 1, pp. 3-4). As his statement of claim herein, Plaintiff alleges as follows:

> Plaintiff presents that periodically though frequently since his afore referenced case was filed on or about 10/20/2016, Defendants, Johnny Crain, Jr., Lisa Jenkins, Judge Richard A. Swartz, and Don Miley has in concert together conspired to commit Obstruction of Justice, Deny Plaintiff's Right to Access to the Court(s), to commit Malfeasance, Fraud, Forgery, Perjury, Swindling, Cheating, Abetting and Aiding each other (State lawsuit) to prevent Plaintiff from obtaining monetary and other relief for wrongs done him in the absence of justification or law.
>
> Further, Defendants thus far have carried out their conspiracy described above and though Lisa Jenkins and Don Miley claimed to have performed service and process of subject State lawsuit plus charged and was paid $35.30 for same, service and process have *not yet* been performed.
>
> Despite numerous written requests to Johnny Crain, Jr. (Clerk) concerning the status of State lawsuit, Plaintiff's requests were not acknowledged or he was provided by the State Court with documents that were either fraudulent, consisting of misleading or false information, and Plaintiff was even mailed service information/summons back instead of the summons being served upon the Defendants.
>
> On 11/2/2016, Judge Richard A. Swartz granted and signed ORDER allowing Plaintiff to Proceed *in forma pauperis*. Afterward, on 12/5/2016, Defendant Richard A. Swartz signed ORDER granting Plaintiff's Motion for Trial by Jury. However, to this current day the Defendants/Parties to the referenced State lawsuit still have not filed an answer or response to Plaintiff's lawsuit. This is due presumably to Clerk of Court, Johnny Crain, Jr.'s failure and failure of Defendants Don Miley and Lisa Jenkins to perform service and process as they charged and were paid for to do.
>
> The actions and failures to act on the part of the Defendants described herein and above deny Plaintiff his right to due process of law in violation of the United States Constitution, Amendments V and XIV. The failure to act and acts of Defendants described above herein deny Plaintiff his right of access to the Courts in violation of the United States Constitution, Amendments I and XIV.

(Rec. doc. 1, pp. 4-5).

For these alleged transgressions, Plaintiff asks that federal criminal charges be lodged against the Defendants and that he be awarded a substantial sum of money. (*Id.* at pp. 5-6).

Jenkins and Crain now move for the dismissal of Plaintiff's claims as to them, asserting various arguments in support. First, Jenkins argues that any §1983 claim against her in her official capacity is barred by the Eleventh Amendment. On that point, Jenkins is correct as it is axiomatic that the Eleventh Amendment bars citizens' suits in federal court against states, their alter ego, and state officials acting in their official capacity.[3/] *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999)(citing *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986)). "Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996); *Kervin v. City of New Orleans*, No. 06-CV-3231, 2006 WL 2849861 at *2-4 (E.D. La. Sep. 28, 2006). Two of the other Defendants, Clerk of Court Crain and Judge Swartz, being state officials as well, any §1983 claims against them in their official capacity are likewise barred by sovereign immunity. *See*, *e.g.*, *Keaghey v. Houma Police Dept.*, No. 19-CV-12713, 2019 WL 5903469 at *2 (E.D. La. Oct. 17, 2019), *adopted*, 2019 WL 5894296 (E.D. La. Nov. 12, 2019). In light of these authorities, it will be recommended that Plaintiff's §1983 claims against Defendants Jenkins, Clerk of Court Strain, and Judge Swartz in their official capacity be dismissed without prejudice for lack of jurisdiction.

---

[3/] In addition, neither states, their departments, nor their officials acting in their official capacity are considered to be "persons" within the meaning of §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D. La. 1985).

Turning to the fourth named Defendant, Deputy Miley of the Washington Parish Sheriff's Department, as Plaintiff does not indicate in his complaint whether he is being sued in his official or individual capacity, it is generally presumed by operation of law that he is being sued in his official capacity. *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008). "In a suit brought against a municipal official in his official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury." *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff "… must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)). As Plaintiff fails to identify any policy or custom behind the purported violation of his constitutional rights, no viable §1983 claim against Miley in his official capacity lies here.

In addition to moving to dismiss Plaintiff's §1983 official capacity claim against her under Rule 12(b)(1), Jenkins as well as Crain move for dismissal on Rule 12(b)(6) grounds. In considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well- pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). However, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009). The Court

thus must identify pleadings that are conclusory and are not entitled to the assumption of truth and legal conclusions must be supported by the factual allegations that are pled. *Id.* at 677-78, 129 S.Ct. at 1949. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.* While a complaint need not contain detailed factual allegations, it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me" accusation. *Id.* "Moreover, 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Stewart v. Warner*, No. 13-CV-4759, 2014 WL 3498165 at *2 (E.D. La. Jul. 15, 2014)(quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679, 129 S.Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." (*Id.*).

Guided by these standards, a review of Plaintiff's complaint reveals it to be rife with labels and conclusions but woefully short on specific facts reflecting each Defendants' participation in the alleged wrong, an essential element of a civil rights cause of action. *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996)(citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Conclusory allegations or legal conclusions masquerading as factual contentions will not suffice to state a claim for relief under §1983. *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Moreover, "'[p]laintiffs who assert conspiracy claims under civil rights statutes

must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient.'" *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991)(quoting *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987)). Plaintiff's conclusory allegations of a conspiracy fall into this category and nowhere does he show that the Defendants agreed to commit an illegal act. *See Dayse v. Schuldt*, 894 F.2d 170, 173 (5th Cir. 1990). What is clear is that the conduct of Judge Swartz of which Plaintiff complains concerns the manner in which the Judge is handling a case that is pending on his docket, thus triggering the application of absolute judicial immunity as to any §1983 claim against him in his individual capacity. *Jones v. Judge of the 129th, Harris County District Court*, 113 Fed.Appx. 603, 604 (5th Cir. 2004)(citing *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)); *Graves v. Hampton*, 1 F.3d 315, 317-18 (5th Cir. 1993). With respect to the other Defendants, Plaintiff makes no showing of having moved for and obtained an order from the state court appointing Jenkins, Miley, or anyone else, as opposed to the sheriff, to effect service on his behalf, LSA-C.C.P. Arts. 1291, 1293(A), nor does Plaintiff show that he formally requested service of citation from anyone within 90 days of the commencement of his state-court lawsuit as required by LSA-R.S. 13:5107(D)(1). Also absent from Plaintiff's complaint is any indication of his having called upon the higher state courts to exercise supervisory jurisdiction over the state trial court with respect to the progress of his lawsuit.

More importantly, an inmate alleging a denial of access to the courts must demonstrate a relevant, actual injury stemming from a defendant's allegedly unconstitutional conduct. *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999)(citing *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 2180-81 (1996)). "This requires the inmate

to allege that his ability to pursue a 'nonfrivolous,' 'arguable' legal claim was hindered." *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009)(quoting *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 2187 (2002)). "The inmate must describe the underlying claim well enough to show that its 'arguable nature … is more than [mere] hope.'" *Id.* (quoting *Christopher*, 536 U.S. at 416, 122 S.Ct. at 2187). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show … the 'arguable' nature of the underlying claim …" *Christopher*, 536 U.S. at 416, 122 S.Ct. at 2187. Plaintiff's failure to make that showing is fatal to his claim here. *Brewster*, 587 F.3d at 769; *Parfait v. Arceneaux*, No. 10-CV-0824, 2010 WL 1875604 at *2 (E.D. La. Mar. 31, 2010), *adopted*, 2010 WL 1881949 (E.D. La. May 6, 2010). As Plaintiff's state-court lawsuit remains pending, no cognizable injury is shown. *Jones*, 113 Fed.Appx. at 604.

The second statutory basis for liability cited by Plaintiff, 42 U.S.C. §1985,[4/] is equally unavailing to him. Subsection "1" of that statute is obviously inapplicable here as there is no suggestion that the named Defendants prevented Plaintiff from accepting, holding, or discharging the duties of a public office. Subsection "2," which prohibits the obstruction of justice by threatening a party, witness, or juror from attending or testifying in any court of the United States, is equally inapposite. *Garrison v. City of Texarkana, Texas*, 910 F.Supp. 1196, 1205 (E.D. Tex. 1995). Finally, §1983(3) is likewise inapplicable as Plaintiff's complaint contains no allegations of class-based invidious discrimination, an indispensable requirement of that subsection. *Roe v. Abortion Abolition Society*, 811 F.2d 931, 933-34 (5th Cir.), *cert. denied*, 484 U.S. 848, 108 S.Ct. 145 (1987); *United Brotherhood of Carpenters,*

[4/] On the second page of his complaint Plaintiff provides the following citation: "… 1985(a)(1)(2)(3) and (4) …" (Rec. doc. 1, p. 2). The cited statute, however, contains no subsections identified by letter and is made up of only three subsections.

*Local 610 v. Scott*, 463 U.S. 825, 103 S.Ct. 3352 (1983); *Eitel v. Holland*, 787 F.2d 995, 1000 (5th Cir. 1986).

In closing, the Court will briefly touch upon the viability of several of the species of relief sought by Plaintiff. He first requests that federal criminal charges be lodged against the named Defendants. The Court is unable to oblige Plaintiff on that request as "… federal criminal charges can only be brought by prosecutors representing the United States." *Livingston v. Garcia*, 211 F.3d 1278, 2000 WL 488480 at *2 (10th Cir.), *cert. denied*, 531 U.S. 1039, 121 S.Ct. 632 (2000). Private citizens like Plaintiff have no standing to bring criminal charges. *Lovoi v. Federal Bureau of Investigation*, No. 99-CV-3563, 2000 WL 33671769 at *2 n. 2 (E.D. La. Mar. 21, 2000). And, without a showing of physical injury, of which feelings of fear and anxiety do not qualify, damages for mental or emotional suffering experienced while in custody are not recoverable under §1983. 42 U.S. §1997e(c); *Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001); *Cambre v. Jefferson Parish Sheriff's Office*, No. 05-CV-6863, 2006 WL 2092403 at *4-5 (E.D. La. Jul. 25, 2006).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's §1983 official-capacity claims against Defendants, Lisa Jenkins, Johnny Crain, Jr., and Judge Richard A. Swartz, be dismissed without prejudice for lack of jurisdiction and that Plaintiff's complaint otherwise be dismissed with prejudice for failure to state a claim upon which relief can be granted and for frivolousness.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[5/]

New Orleans, Louisiana, this 3rd day of March, 2020.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[5/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.